IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM Q. DIESTA,<br><br>                Plaintiff,<br><br>    vs.<br><br>ANDREW M. SAUL, COMMISSIONER<br>OF SOCIAL SECURITY,<br><br>                Defendant. | CIV. NO. 15-00465 HG-RT<br><br><br>AMENDED FINDINGS AND<br>RECOMMENDATION TO GRANT<br>IN PART AND DENY IN PART<br>PLAINTIFF'S MOTION FOR<br>ATTORNEYS' FEES |

**AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Before the Court is Plaintiff William Q. Diesta's Motion for Attorneys' Fees,

filed on June 4, 2019 (ECF No. 39) ("Motion").  After careful consideration of the

motion, opposition, supporting memorandum, declaration, exhibits, and the

record established in this action, the Court FINDS and RECOMMENDS that

Plaintiff's Motion be GRANTED IN PART and DENIED IN PART.

The Court finds that Plaintiff is the prevailing party in this case.  The Court

cannot find that Defendant Andrew M. Saul, Commissioner of Social Security

("Government"), met his burden to establish that the Government's position was

substantially justified.  Thus, under the Equal Access to Justice Act ("EAJA"),

Plaintiff is entitled to reasonable attorneys' fees.

Plaintiff requests $24,292.80 in attorney's fees for 120.5 hours of work

performed at a rate of $201.60 per hour.  The Government opposes this amount

based on Plaintiff's inclusion of clerical/ministerial tasks and vague entries.  The Court agrees with the Government's opposition and accordingly GRANTS IN PART Plaintiff's attorney's fees in the amount of $20,946.24 (103.9 hours) and DENIES IN PART Plaintiff's attorney's fees by reducing the requested amount by $3,346.56 (16.6 hours) due to the inclusion of clerical tasks and vague entries.

In his responsive pleading, Plaintiff requests additional attorneys' fees in the amount of $5,463.36 for his Response to Defendant's Opposition to Plaintiff's Motion for Fees and Expenses Under the Equal Access to Justice Act (ECF No. 45) ("Reply").  The Court disregards and RECOMMENDS that pursuant to LR7.2, Plaintiff's request for additional attorneys' fees be DENIED.

Accordingly, Plaintiff should be awarded a total of $20,946.24 (103.9 hours) in attorneys' fees.  The award should not be made directly to Plaintiff's counsel unless Plaintiff executes an assignment compliant with the Anti-Assignment Act, 31 U.S.C. § 3727(b) or the Government waives its rights under this Act.

## BACKGROUND

Plaintiff applied for and was denied Supplemental Security Income ("SSI") and Social Security Disability Insurance Benefits ("DIB").  The Social Security Commissioner denied Plaintiff's SSI and DIB applications, and Plaintiff's request for reconsideration.  Complaint for Review of Social Security Disability and Supplemental Security Income Benefits Determinations (ECF No. 1) ("Complaint"), ¶ 7.

Plaintiff requested an administrative law hearing.  On August 1, 2014, the Administrative Law Judge ("ALJ") denied Plaintiff's applications and held that Plaintiff was not disabled during the relevant timeframe.  Complaint, ¶ 10-11.

Plaintiff then sought review by the Appeals Council for the Social Security Administration.  ECF No. 26, p. 3.  On October 22, 2015, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision.

On November 5, 2015, Plaintiff appealed to the district court by filing his Complaint.  ECF No. 1.  On February 19, 2016, the Government filed its Answer (ECF No. 10) and the Certified Administrative Record (ECF No. 14).  Plaintiff filed his Opening Brief on April 18, 2016 (ECF No. 17), the Government filed an Answering Brief on July 25, 2016 (ECF No. 21), and Plaintiff filed his Reply Brief on August 22, 2016 (ECF No. 22).  A hearing was held on October 11, 2016 (ECF No. 25).  On November 15, 2016, the Court issued an Order Affirming the Decision of the Social Security Administration Commissioner (ECF No. 26) ("Order").  On that same day, the Clerk of Court issued Judgment denying Plaintiff's claims (ECF No. 27).

On January 11, 2017, Plaintiff filed his Notice of Appeal (ECF No. 28).  On March 19, 2019, the United States Court of Appeals for the Ninth Circuit reversed and remanded the district court's Order with instructions to the ALJ to calculate and award benefits (ECF No. 37).

On June 4, 2019, Plaintiff filed his Motion for Attorneys' Fees and his attorney, Diane C. Haar, filed a Statement of Consultation (ECF No. 39).  On July

3

5, 2019, the Government filed its Opposition to Plaintiff's Motion (ECF No. 44)

("Opposition").  Plaintiff filed his Reply on July 22, 2019 (ECF No. 45) ("Reply").

DISCUSSION

Plaintiff requests attorneys' fees under the EAJA, 28 U.S.C. §

2412(d)(1)(A), which states:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The statute requires that in order to award attorneys'

fees, the Court must find that (1) Plaintiff is a prevailing party; (2) the position of

the United States was not substantially justified; and (3) there are no special

circumstances that make an award unjust.

"It is the government's burden to show that its position was substantially

justified."  Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) (citing Gutierrez v.

Barhart, 274 F.3d 1255, 1258 (9th Cir. 2001)).  The government also has the

burden of showing "that special circumstances exist to make an award unjust."

Gutierrez, 274 F.3d at 1258 (citing Love v. Reilly, 924 F.2d 1492, 1495 (9th Cir.

1991)) (citation omitted).

A district court's denial of attorney's fees under EAJA is reviewed under

the abuse of discretion standard.  Meier, 727 F.3d at 870 (citation omitted).  "A

4

district court abuses its discretion when it fails to apply the correct legal rule or its application of the correct legal rule is illogical, implausible or without support in inferences that may be drawn from the facts in the record." Id.

I.    Entitlement to Attorneys' Fees

A.    Plaintiff is the Prevailing Party

"A prevailing party under EAJA must be one who has gained by judgment or consent decree a material alteration of the legal relationship of the parties." Perez-Arellano v. Smith, 279 F.3d 791, 794 (9th Cir. 2002) (internal quotes omitted).  The Social Security Commissioner, ALJ, and the District Court denied Plaintiff's application for benefits and received judgment in their favor.  However, the Ninth Circuit reversed and remanded with instructions to the ALJ to calculate and award benefits.  The reversal and remand materially altered the legal relationship between the parties.  The Government's judgment denying Plaintiff benefits is no longer enforceable.  Plaintiff now has an enforceable judgment in his favor and by definition is the prevailing party.

In addition, the Ninth Circuit has held that "[a]n applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of [his] benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez, 274 F.3d 1255, 1257 (9th Cir. 2001) (citing Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993)) (citation omitted).  This is the exact situation here where the denial of Plaintiff's benefits was reversed and remanded.  In this case, Plaintiff's status as the prevailing party is buttressed by

the fact that the Ninth Circuit ordered the Government to calculate and award benefits.  In addition, the Government does not dispute Plaintiff's status as the prevailing party.  Accordingly, this Court finds that Plaintiff is the prevailing party under EAJA.

> B.    The Court Cannot Find that the Government's Position was Substantially Justified

Plaintiff is entitled to his attorney's fees if the Court finds that the Government's position was not substantially justified.  As stated earlier, it is the Government's burden to show its position is substantially justified.  Meier, 727 F.3d at 870.  The "position of the United States" means "both the [G]overnment's litigation position and the underlying agency action giving rise to the civil action." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) (citations omitted).  The Ninth Circuit has found that the failure to address the reasonableness of the underlying conduct by basing a denial of fees solely on the Government's litigation position constitutes error.  Gutierrez, 274 F.3d at 1259 (citing Kali v. Bowen, 854 F.2d 329, 221 (9th Cir. 1988)).  "Whether the claimant is ultimately found to be disabled or not, the government's position at each stage must be 'substantially justified.'"  Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998).  Thus, under the EAJA, the Government has the burden to establish that it was substantially justified in both (1) the agency's failure to act (agency action); and (2) defending the validity of the agency's action in court (Social Security Commissioner's litigation position).  Meier, 727 F.3d at 870; Gutierrez, 274 F.3d at 1259.

"Substantially justified means justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person."    Gutierrez, 274 F.3d at 1258 (citations omitted) (internal quotes omitted).  "A substantially justified position must have a reasonable basis both in law and fact."  Id.  "To be 'substantially justified' means . . . more than merely undeserving of sanctions and frivolousness."  Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158 n.6 (1990) (citing Pierce v. Underwood, 487 U.S. 552, 565-66 (1988)).  "[A] position can be justified even though it is not correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."  Pierce, 487 U.S. at 566 n.2.  However, "it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'"  Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005) (citing Al-Harbi v. I.N.S., 284 F.3d 1080, 1085 (9th Cir. 2002)).

  1.  The Court Cannot Find that the Government Met Its Burden

  a.  *Shafer v. Astrue* is Controlling and Instructive

Shafer v. Astrue is a Ninth Circuit case that is similar in facts to this case and is instructive regarding the Government's burden of proof and this Court's findings.  Shafer v. Astrue, 518 F.3d 1067 (9th Cir. 2008).  In this case, the Ninth Circuit reversed and remanded because (1) "[t]he ALJ did not state clear and convincing reasons for rejecting the consulting examiner Dr. Dennis Donovan's

7

opinions" and (2) "if Dr. Donovan's opinions [were] credited as true, the Commissioner would be required to find that [Plaintiff] is not capable of engaging in substantial gainful activity."  Diesta v. Berryhill, 766 Fed. Appx. 481, 483 (9th Cir. 2019).  Specifically, the Ninth Circuit found that the ALJ failed to provide the reasons why it rejected Dr. Donovan's (1) assessment of Plaintiff's global function, (2) opinion that Plaintiff understood simple instructions, but may not remember them later, and (3) opinion that Plaintiff cannot handle his own finances, and (4) conclusion that Plaintiff was unable to maintain an acceptable pace, persistence, and concentration in the workplace.  Diesta, 766 Fed. Appx. at 482-83.

In Shafer, the Ninth Circuit found these types of ALJ procedural errors to be serious.  See Shafer v. Astrue, 518 F.3d 1067, 1068 (9th Cir. 2008) (citing Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998)).  In Shafer, the district court affirmed the ALJ's decision, and the claimant appealed to the Ninth Circuit.  Id. On appeal, the Ninth Circuit found four procedural errors: the ALJ erred in (1) rejecting, without explanation, a non-examining medical expert Dr. Clifford J. Harris, Jr.'s diagnosis; (2) rejecting treating physician Dr. Kirk Butler's opinion regarding the claimant's non-exertional limitations, without providing clear and convincing evidence supported by substantial evidence; (3) rejecting claimant's subjective complaints about the impact of impairments on her ability to work, without providing clear and convincing reasons; and (4) assessing claimants residual functional capacity.  Id. at 1069-70.

The errors made in this case are similar to the errors in <u>Shafer</u> in that the ALJ failed to provide clear and convincing evidence supporting its findings, and misinterpreted evidence.  In <u>Shafer</u>, these errors were enough for the Ninth Circuit to reverse and remand the case to the district court, but for further proceedings.  <u>Id.</u> at 1070.

On remand, the district court in <u>Shafer</u> incorrectly denied the claimant's motion for attorneys' fees.  The district court reasoned that the government's position was substantially justified because "the parties in this matter were engaged in a 'genuine dispute,' over an issue about which 'reasonable people' could disagree."  <u>Id.</u> at 1070.  The district court noted that there was no conclusion as a matter of law that the claimant was disabled or that the ALJ erred in determining that the claimant was not disabled.  <u>Id.</u>  The district court concluded that the Ninth Circuit had focused on the sufficiency of the ALJ's explanation and not the evidentiary record, and thus denied the motion for attorney's fees.  <u>Id.</u>

The Ninth Circuit reversed the district court's order and remanded for a determination of the amount of attorney's fees to be awarded.  <u>Id.</u> at 1072. Because the "ALJ rejected a treating physician's opinion in favor of a non-treating physician's opinion **<u>without providing clear and convincing reasons</u>**, and committed several errors in assessing Shafer's residual functional capacity[,]" the Ninth Circuit found that "the government's defense of the ALJ's procedural errors was not substantially justified, and Shafer [was] entitled to attorneys' fees under

the EAJA." Id. at 1072 (emphasis added).  Most importantly, the Ninth Circuit

stated,

> [w]here . . . the ALJ's decision was reversed on the basis of procedural
> errors, the question is *not* whether the government's position as to the
> merits of [the plaintiff's] disability claim was substantially justified.
> Rather, the relevant question is whether the government's decision to
> defend on appeal the procedural errors committed by the ALJ was
> substantially justified.

Id. at 1071 (emphasis in original) (citation omitted).

The facts in this case are similar to Shafer in that the Ninth Circuit found

that the ALJ rejected portions of Dr. Donovan's opinions without providing clear

and convincing reasons.  Diesta, 766 Fed. Appx. at 482-83.  These errors

resulted in the reversal and remand of this case.  Id. at 483-84.  It is well

established that "[t]o reject [the] uncontradicted opinion of a treating or examining

doctor, an ALJ must state **clear and convincing reasons that are supported**

**by substantial evidence**."  Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir.

2017)[1] (citing Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)

(quoting Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005)) (emphasis

added).

On the other hand, "[i]f a treating or examining doctor's opinion is

contradicted by another doctor's opinion, an ALJ may only reject it by providing

**specific and legitimate reasons that are supported by substantial**

---

[1] Trevizo was decided after the ALJ and district court issued its decision in this
case; however, the rules of law within Trevizo have been established by
precedent predating this case.  Trevizo v. Berryhill, 871 F.3d 664 (9th Cir. 2017).

**evidence**." Id. (emphasis added).  Under Shafer and the Ninth Circuit's opinion

in this case, the ALJ's rejection of Dr. Donovan's opinion may only occur by

"clear and convincing reasons that are supported by substantial evidence." Id.

"Substantial evidence means more than a mere scintilla, but less than a

preponderance.  It means such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674.  "Where

evidence is susceptible to more than one rational interpretation, the ALJ's

decision should be upheld." Id. at 674-75.   "[T]he entire record as a whole [must

be considered], weighing both the evidence that supports and the evidence that

detracts from the Commissioner's conclusion, and may not affirm simply by

isolating a specific quantum of supporting evidence.'" Id. at 675.  "The ALJ can

meet this burden by setting out a detailed and thorough summary of facts and

conflicting clinical evidence, stating his interpretation thereof, and making

findings." Trevizo, 871 F.3d at 675 (citing Magallanes v. Bowen, 881 F.2d 747,

751 (9th Cir. 1989) (quoting Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir.

1986)).

In this case, this Court cannot find that the Government met its burden to

establish that the ALJ's position was substantially justified.  The Government

does not dispute the Ninth Circuit's finding that the appropriate burden of proof to

reject Dr. Donovan's opinion is "clear and convincing reasons supported by

substantial evidence."[2]  Instead, the Government argues that although the ALJ may not have stated its reasoning properly, there was genuine dispute about the reasonableness of the ALJ's evaluation of Dr. Donovan's opinion.  Opposition, pp.8-9.

In support, the Government cites various facts from the record showing Plaintiff's ability to perform specific tasks.  Opposition, p. 9.  The Government points out that conflicting information such as Plaintiff's unremarkable mental status examinations and treatment visits further support the ALJ's decisions.  Opposition, p. 10-11.  The Government states that the "record provided – at a minimum – **some support** for the ALJ's discounting of Dr. Donovan's conclusions."  Opposition, p.11 (emphasis added).  The Government contends that these facts show that there was a genuine dispute.  Opposition, pp. 8-9.

However, to meet its burden, the Government needed to show that the record gives rise to a genuine dispute over whether the ALJ made procedural errors.  Doing so would establish that the ALJ's decision was substantially justified.  This entails showing that a reasonable person could find that "clear and convincing reasons supported by substantial evidence" existed.  Arguing that there was at least "some support" in the record supporting the ALJ's decision falls short.  Opposition, p.11.

---

[2] In Diesta, the dissenting circuit judge disagreed with the majority by finding that the burden of proof should have been "specific and legitimate reasons that are supported by substantial evidence."  Diesta v. Berryhill, 766 Fed. Appx. 481, 484 (9th Cir. 2019).  Notably, at no time did the Government state that reasonable minds could find that the lesser burden should apply to the ALJ's decision.

In other words, the Government merely stated supporting facts without showing that (1) such support could lead a reasonable person to find that substantial evidence existed, (2) a reasonable person could find that the ALJ stated clear and convincing reasons for rejecting Dr. Donovan's conclusions, and (3) a reasonable person could find that such substantial evidence supported the clear and convincing reasons stated by the ALJ to reject Dr. Donovan's opinions. Accordingly, this Court cannot say that the Government met its burden such that the ALJ's position was substantially justified.

### b.  Appellate Reversal is Not Fatal to the Government's Position

The Government argues that the Ninth Circuit's reversal in this case should not be conclusive of whether the Government's position was substantially justified.  Indeed, "the government's failure to prevail does not raise a presumption that its position was not substantially justified." U.S. v. Marolf, 277 F.3d 1156, 1162 (9th Cir. 2002) (citing Kali v. Bowen, 854 F.2d 329, 334 (9th Cir. 1988)).  "[T]he fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." Pierce v. Underwood, 487 U.S. 552, 569 (1988).  "Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose." Id.  Accordingly, this Court did not find that the Ninth Circuit's reversal was conclusive of the Government's position.

c.  The Dissent in *Diesta v. Berryhill* is Not Conclusive of
    Substantial Justification

The Government also argues that "the district court's affirmance of the

ALJ's decision and a dissenting appellate opinion are 'both highly relevant

factors' when determining whether the Government's position was substantially

justified.'"  Opposition, p. 6.  Moreover, the Government contends that the

dissenting appellate opinion in this case "only underscores that a genuine dispute

existed about the merits of this case and that the Government's position was

substantially justified."  Opposition, p. 7.  A dissenting opinion does not

necessarily indicate that the government's position was substantially justified.

See Pierce v. Underwood, 487 U.S. 552 (1988) (the dissent opined that a

reversal of the attorney's fees award under EAJA was appropriate, but the

majority found that the district court did not abuse its discretion in finding no

substantial justification).

As stated earlier, the Government did not argue that the ALJ's decision

was based on the "specific and legitimate reasons" burden of proof and not "clear

and convincing reasons."  This is relevant because the dissenting circuit judge in

the appellate court disagreed with the majority about the requisite burden of proof

the ALJ needed to show to disregard Dr. Donovan's opinions.  The majority

opined that the burden of proof to reject Dr. Donovan's opinions should have

been "clear and convincing reasons."  Diesta v. Berryhill, 766 Fed. Appx. 481,

484 (9th Cir. 2019).  The dissenting circuit judge opined that the rejection of the

examining physician's opinion should be for "specific and legitimate reasons."  Id.

Thus, the dissenting appellate opinion would be relevant if the Government argued that the ALJ's decision versus the Ninth Circuit's holding in Diesta was based on the same disagreement—whether the standard should be "specific and legitimate reasons" or "clear and convincing reasons. However, the Government made no such argument. Accordingly, the Court cannot find that the disagreement between the majority and the dissenting circuit judge bears any weight on the issue of substantial justification.

> d. The Majority's Reference to Plaintiff's GAF Score is Immaterial

The Government argues that the Ninth Circuit's reliance on Plaintiff's GAF score in Diesta is contrary to the Ninth Circuit's precedent. Opposition, pp. 12-13 The Government contends that because the Ninth Circuit "ultimately relied upon the GAF score to reverse the ALJ's decision, the variance in authority for this approach underscores that the Government was substantially justified in defending this case." Opposition, p. 13.

The Government misconstrues the Ninth Circuit's opinion in Diesta. In Diesta, the Ninth Circuit references Plaintiff's GAF score in conjunction with Plaintiff's I.Q. score and several other relevant facts showing that Plaintiff was not able to perform substantial gainful activity. Diesta, 766 Fed. Appx. at 482. Indeed, the dissent points out – in a footnote – that the majority's reliance on the GAF score is misplaced because neither Dr. Donovan nor the ALJ cited the GAF score in their respective discussions of Plaintiff's functional capacity. Id. at 484 n.1. However, Plaintiff's GAF score was not the sole reason for the Ninth

Circuit's reversal nor was it given significant weight.  Id. at 482-84.  As previously

stated, the reversal was based on the ALJ's procedural errors.  See supra Part

I.B.1.a.  Accordingly, this Court finds the Government's argument unpersuasive.

      2.  The Court Need Not Address Substantial Justification for the
          Government's Litigation Position

Because the ALJ's procedural errors were not substantially justified, the

Court need not address whether the Government's litigation position was

substantially justified.  See Meier v. Colvin, 727 F.3d 867, 872 (9th Cir. 2013)

(citing Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008).  Accordingly,

Plaintiff is entitled to an award of reasonable attorneys' fees.

      3.  No Special Circumstances Exist

The Government does not argue that special circumstances exist to make

an award unjust.  Accordingly, the Court does not find any reason or special

circumstance to deny the EAJA application for fees.

II.    Calculation of Attorney's Fees

Plaintiff requests an award of $24,292.80 in attorney's fees and costs,

based upon an hourly rate of $201.60 for 120.5 hours of work performed.  Under

federal law, reasonable attorney's fees are generally based on the traditional

"lodestar" calculation.  Hensley v. Eckerhart, 461 U.S. 424 (1983).  Under this

method, the Court must determine a reasonable fee by multiplying "the number

of hours reasonably expended on the litigation" by a "reasonable hourly rate."  Id.

at 433.

A.    Reasonable Hourly Rate

Attorney's fees under EAJA are set statutorily at the market rate, but "shall

not be awarded in excess of $125.00 per hour."  28 U.S.C. 2412(d)(2)(A).  The

statutory provision providing for attorneys' fees allows the Court to increase the

rate if the "court determines that an increase in the cost of living or a special

factor, such as the limited availability of qualified attorneys for the proceedings

involved."  Id.  Plaintiff's attorney increased her hourly attorney's fee rate to

account for cost-of-living expenses.  The Government does not object to the

increased rate of $201.60 per hour that Plaintiff requested.  The Court agrees

that an increased rate for cost-of-living expenses is appropriate.  Thus, the Court

finds the rate of $201.60 per hour reasonable.

B.    Hours Reasonably Expended

The Court must next determine if the fees requested are reasonably

necessary to achieve the results obtained.  Tirona v. State Farm Mut. Auto. Ins.

Co., 821 F. Supp. 632, 636 (D. Haw. 1993).  A party seeking attorneys' fees

bears the burden of proving that the fees associated with the relief requested are

reasonably necessary to achieve the results obtained.  Id.

The Court must guard against awarding fees which are excessive,

duplicative, or unnecessary.  Id. at 637 (citing INVST Fin. Grp. V. Chem-Nuclear

Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  Billing that is deemed excessive,

redundant or unnecessary should not be compensated.  Gates v. Deukmejian,

987 F.2d 1392, 1399 (9th Cir. 1992).  However, "[a] decision denying fees will be

17

set aside if the district court (1) abused its discretion; (2) failed to state the reasons for its decision, or (3) used incorrect legal standards to reach its decision."  Smith v. CMTA-IAM Pension Tr., 746 F.2d 587, 589 (9th Cir. 1984).  "If the district court fails to state the reasons for its decision a remand for a statement of reasons may be necessary."  Id.

The Government objects to the total amount of fees and argues that the fees should be reduced for clerical tasks and vague entries.  The Government also objects to Plaintiff's request that any fees awarded be made payable to Plaintiff's attorney.

### 1.  Clerical or Ministerial Tasks

The Government argues that the Court should reduce the fees billed for clerical and ministerial tasks.  "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate."  Robinson v. Plourde, 717 F. Supp. 2d 1092, 1099 (D. Haw. 2010) (citing Jeremiah B. v. Dep't of Educ., Civil No. 09–00262 DAE–LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010)) (citation omitted).  "Tasks such as reviewing Court-generated notices, notifying clients of court hearings, filing documents with the Court, communication with court staff, scheduling, and corresponding regarding deadlines, are clerical and not compensable.  Id. (finding that entries for communications about, and internal office management of, hearing dates and due dates are clerical in nature).

The entries the Government disputes are indeed clerical in nature. Plaintiff agrees that all the disputed entries are clerical except the preparation of the tables of contents and authorities in briefing. Plaintiff further agreed to the reduction of clerical tasks. The Court disagrees with Plaintiff in that work completed on table of contents and authorities have been found to be clerical work. Rucker v. Air Ventures Hawaii, LLC, No. CV 16-00492 HG-KSC, 2017 WL 4158201, at *3 (D. Haw. Sept. 19, 2017) (citing Yamada v. Weaver, Civil No. 10–00497 JMS–RLP, 2012 WL 6019363, at *10 (D. Haw. Aug. 30, 2012), adopted in pertinent part by 2012 WL 6019121 (D. Haw. Nov. 30, 2012) (deeming clerical work completed on table of authorities)). Accordingly, the Court finds that the attorney's fees should be reduced by a total of 8.5 hours as proposed by the Government.

## 2. Vague Descriptions

The Court may reduce Plaintiff's attorney's fees for vague descriptions. See Black v. City & Cty. of Honolulu, No. CV 07-00299 DAE-BMK, 2013 WL 3936200, at *4 (D. Haw. July 30, 2013), report and recommendation adopted, No. CIV. 07-00299 DAE, 2013 WL 4500339 (D. Haw. Aug. 21, 2013). The Local Rules for the United States District Court for the District of Hawaii, Rule 54.2(f)(3) requires that:

> [t]he party seeking an award of fees . . . describe adequately the services rendered, so that the reasonableness of the requested fee can be evaluated . . . For example, time entries for telephone conferences must include an identification of all participants and the reason for the call; entries for legal research must include an identification of the specific issue researched and, if possible, should

identify the pleading or document for which the research was
necessary; entries describing the preparation of pleadings and other
documents must include an identification of the pleading or other
document prepared and the activities associated with such
preparation.

LR54.2(f)(3).  The Government requests a 40% reduction due to Plaintiff's

attorney's vague descriptions.  The Court declines to arbitrarily reduce Plaintiff's

fees by 40%.  However, the Court finds that the fees should be reduced by 8.1

hours for the specific vague entries pointed out by the Government.  The Court

has reviewed the Government's opposition and requested fees, and finds that the

following suggested reductions are appropriate:

| Date | Description | Hours |
|---|---|---|
| 2/19/16 | Prepare Returns | 0.6 |
| 4/7/16 | Draft Medical Facts Section | 2.7 |
| 4/7/16 | Draft Testimony | 2.2 |
| 4/15/16 | Edit Testimony | 0.5 |
| 4/15/16 | Edit Medical Facts | 0.8 |
| 4/2/17 | Draft Testimony | 0.6 |
| 4/2/17 | Draft Medical Facts | 0.7 |
| | Total | 8.1 |

Plaintiff's billing on 8/21/16, 10/10/16, 3/3/27/17, 10/8/18, and 10/9/18 were not

reduced based upon Plaintiff's clarifications in his Reply.

C.    Lodestar Award

The Court finds that 103.9 hours for a total of $20,946.24 in attorney's fees

are reasonable.

| Attorney | Hours | Rate | Lodestar |
|---|---|---|---|
| Diane C. Haar, Esq. | 103.9 | $201.60 | $20,946.24 |

D.    Plaintiff Requests for Additional Fees in His Reply

In addition to his request for $24,292.80 in attorney's fees and costs, Plaintiff requests an additional $5,463.36 in his Reply.  Plaintiff states that the additional fees were incurred in order to reply to the Government's Opposition to his Motion for Attorneys' Fees.  However, Plaintiff did not mention in his original Motion that he would be seeking additional attorneys' fees incurred to file a responsive pleading to the Government's Opposition.

Under LR7.2, "[a] reply must respond only to arguments raised in the opposition.  Any argument raised for the first time in the reply shall be disregarded."  The "fundamental purpose behind this rule is to prevent the unfair surprise and prejudice that can result from an untimely argument."  BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., No. CIV. 09-00181 DAE-KS, 2011 WL 1230144, at *8 (D. Haw. Mar. 28, 2011) (citation omitted) (internal quotations omitted); see Graves v. Arpaio, 623 F.3d 1043, 1048 (9th Cir. 2010) ("arguments raised for the first time in a reply brief are waived").  Here, Plaintiff's request for additional attorneys' fees appears for the first time in his Reply.  The Government did not have any opportunity to respond to Plaintiff's request.  The Court will thus disregard Plaintiff's request for additional attorneys' fees in the amount of $5,463.36.

21

III.    The Government's Refusal to Waive the Requirements of the Anti-Assignment Act

Plaintiff requests for an award of attorneys' fees to be made directly to Plaintiff's counsel, provided that Plaintiff has no debt to offset.  Plaintiff claims to have assigned an award of his attorneys' fees to his counsel and attaches as Exhibit 2 to his Motion a "Social Security Fee Agreement" ("Fee Agreement"). ECF No. 39-4.  The Fee Agreement is signed by Plaintiff and his attorney, and states that Plaintiff "assign[s] any and all rights to any attorney fees payable under EAJA to [his attorney], and [ ] consent[s] to the payment of those fees directly to [his] [a]ttorney."  Id. at ¶ 3.

The Government argues that Plaintiff's Fee Agreement is not a valid assignment.  In addition to the award being subject to any offset, in order to assign an award of attorneys' fees to Plaintiff's counsel, the Fee Agreement must meet the requirements set forth in the Anti-Assignment Act, 31 U.S.C. § 3727(b):

> An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b).  The Government states that the Fee Agreement fails to meet the Anti-Assignment Act requirements because it has not been "attested to by 2 witnesses," and Plaintiff did not have an official acknowledge and certify the assignment.  ECF No. 44, p. 29.  The Government states that it will not waive the

statutory requirements.  Upon careful review of the Fee Agreement, the Court agrees with the Government's arguments in that the Fee Agreement does not meet the requirements set forth under 31 U.S.C. § 3727(b).  Unless the Government agrees to waive the statutory requirements, Plaintiff's award may not be directly made to Plaintiff's counsel.

CONCLUSION

Based upon the foregoing, the Court FINDS and RECOMMENDS that the district court GRANT IN PART and DENY IN PART Plaintiff's Motion for Attorney's Fees.

The Court RECOMMENDS that the district Court GRANT Plaintiff a total of $20,946.24 (103.9 hours) for attorney's fees and DENY a total of $3,346.56 (16.6 hours) as excessive.

The Court further RECOMMENDS that Plaintiff's request for $5,463.36 in additional attorneys' fees to draft his Reply be disregarded and accordingly DENIED.

//

//

//

//

//

//

//

Plaintiff's award should not be made directly to Plaintiff's counsel without an assignment that meets the requirements set forth in the Anti-Assignment Act, 31 U.S.C. § 3727(b) or a waiver from the Government.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, November 26, 2019.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

_Diesta v. Andrew M. Saul, Commissioner of Social Security_; Civ. No. 15-465 HG-RT; Amended Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Attorneys' Fees.