IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM Q. DIESTA, | ) CIVIL NO. 15-00465 HG-RT |
| Plaintiff, | ) |
| vs. | ) |
| ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

**ORDER SUSTAINING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (ECF No. 54)**

**AND**

**OVERRULING PLAINTIFF'S OBJECTIONS TO AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (ECF No. 53)**

**AND**

**REJECTING THE MAGISTRATE JUDGE'S AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (ECF No. 52)**

**AND**

**DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (ECF No. 39)[1]**

Plaintiff William Q. Diesta initially applied for both

Disability Insurance Benefits and Supplemental Security Income in

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew Saul, in his official capacity as Commissioner of Social Security, is substituted as the proper defendant.

2013. Plaintiff appealed to the District Court following a long procedural history that involved the ultimate denial of his benefits by an Administrative Law Judge and the Appeals Council of the Social Security Administration.

On November 15, 2016, this Court affirmed the Administrative Law Judge's decision denying Plaintiff's request for benefits.

On March 19, 2019, a three-judge panel of the Ninth Circuit Court of Appeals reversed and remanded proceedings to the agency. The decision by the Ninth Circuit panel was not unanimous. Circuit Judge Rawlinson filed a dissenting opinion that concurred with the decision by this Court.

On remand, Plaintiff seeks attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

The Magistrate Judge issued an Amended Findings and Recommendation to grant, in part, and deny, in part, Plaintiff's Motion seeking attorneys' fees.  The Magistrate Judge recommended granting $20,946.24 to Plaintiff in attorneys' fees.

Defendant objects to the Amended Findings and Recommendation on the basis that its litigation position was substantially justified.

Plaintiff objects to the Amended Findings and Recommendation on the basis that he requests more attorneys' fees than the $20,946.24 recommended by the Magistrate Judge.

Defendant United States' Objections (ECF No. 54) are **SUSTAINED**.

Plaintiff Diesta's Objections (ECF No. 53) are **OVERRULED**.

The Magistrate Judge's November 26, 2019 Amended Findings and Recommendation (ECF No. 52) is **REJECTED**.

Plaintiff's Motion for Attorneys' Fees (ECF No. 39) is **DENIED**.

## PROCEDURAL HISTORY

On February 25, 2013, Plaintiff William Q. Diesta filed an application for Disability Insurance Benefits with the Social Security Administration. (Administrative Record ("AR") at 176-180, ECF No. 14). On the same date, Plaintiff William Q. Diesta filed an application for Supplemental Security Income. (AR at pp. 169-175).

In May and November 2013, the Social Security Administration denied Plaintiff's initial applications and his requests for reconsideration. (AR at pp. 118-122, 126-128, 129-131). Following the denial of Plaintiff's application, he sought a hearing before an Administrative Law Judge ("ALJ") and on May 20, 2014, an ALJ conducted a hearing on Plaintiff's applications. (AR at pp. 29-53, 132-33).

On August 1, 2014, the ALJ issued a written decision denying Plaintiff's applications and Plaintiff sought review by the

Appeals Council for the Social Security Administration. (AR at pp. 8-28). The Appeals Council denied further review of Plaintiff's applications on October 22, 2015, rendering the ALJ's decision as the final administrative decision by the Commissioner of Social Security. (AR at pp. 1-7).

On November 5, 2015, Plaintiff sought judicial review of the Commissioner of Social Security's final decision to deny Plaintiff's applications for Disability Benefits and Supplemental Security Income in this Court pursuant to 42 U.S.C. § 405(g). (Complaint for Review of Social Security Disability and Supplemental Security Income Benefits Determinations, ECF No. 1).

On October 11, 2016, the District Court held a hearing on Plaintiff's appeal of the decision of the Social Security Administration Commissioner.

On November 15, 2016, the District Court issued an ORDER AFFIRMING THE DECISION OF THE SOCIAL SECURITY ADMINISTRATION COMMISSIONER. (ECF No. 26).

On January 11, 2017, Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals. (ECF No. 28).

On March 19, 2019, the Ninth Circuit Court of Appeals issued a Memorandum Decision reversing and remanding proceedings to the agency to award benefits. (ECF No. 37). Circuit Judge Rawlinson filed a dissenting opinion. (Id.)

On June 4, 2019, Plaintiff filed a Motion for Attorneys'

Fees.  (ECF No. 39).

On July 5, 2019, Defendant filed an Opposition.  (ECF No. 44).

On July 22, 2019, Plaintiff filed a Reply.  (ECF No. 45).

On August 30, 2019, the Magistrate Judge issued a FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES.  (ECF No. 46).

On September 6, 2019, Plaintiff filed a Motion for Reconsideration.  (ECF No. 47).

On September 13, 2019, the Magistrate Judge held a Status Conference.  (ECF No. 50).

On November 26, 2019, the Magistrate Judge issued an ORDER DENYING MOTION FOR RECONSIDERATION.  (ECF No. 51).

Also on November 26, 2019, the Magistrate Judge issued an AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES.  (ECF No. 52).

On December 10, 2019, Plaintiff filed Objections to the Magistrate Judge's Amended Findings and Recommendation.  (ECF No. 53).

On December 10, 2019, Defendant filed its Objections to the Magistrate Judge's Amended Findings and Recommendation.  (ECF No. 54).

On December 18, 2019, the District Court issued a briefing schedule.  (ECF No. 55).

On January 21, 2020, Defendant filed its Response to Plaintiff's Objections.  (ECF No. 56).

On the same date, Plaintiff filed his Response to Defendant's Objections.  (ECF No. 57).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## **STANDARD OF REVIEW**

When a party objects to a magistrate judge's findings and recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

Under a de novo standard, this Court reviews the matter anew, the same as if it had not been heard before and as if no decision had been previously rendered.  Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006).  The District Court need not hold a hearing, but it is the Court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which the party objects. United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

**ANALYSIS**

I.  **Availability Of Attorneys' Fees Pursuant To The Equal Access To Justice Act In Social Security Cases**

The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) states that:

> A court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The Equal Access to Justice Act authorizes fee-shifting to a prevailing plaintiff in an appeal from a decision by the Social Security Administration under specific circumstances. Hardisty v. Astrue, 592 F.3d 1072, 1076 (9th Cir. 2010).

Attorneys' fees are not available to the prevailing plaintiff if the position asserted by the United States was "substantially justified." Flores v. Shalala, 49 F.3d 562, 567 (9th Cir. 1995) (quoting 28 U.S.C. § 2412(d)(1)). The burden rests with the Government to establish that its position was substantially justified. Hardisty, 592 F.3d at 1076 n.2.

The Ninth Circuit Court of Appeals has held that district courts should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified, not on whether the government's ultimate

disability determination was substantially justified.  Id. at 1078.  Substantial justification for the purposes of the Equal Access to Justice Act "does not mean 'justified to a high degree,' but simply entails that the government must show that its position meets the traditional reasonableness standard—that it is 'justified in substance or in the main,' or 'to a degree that could satisfy a reasonable person.'"  Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

## II. EAJA Fees Are Unavailable When The Government's Position Is Substantially Justified

The Government's position is "substantially justified" when the position has a "reasonable basis in law and fact."  Pierce, 487 U.S. at 566 n.2.  A position can be substantially justified pursuant to the Equal Access to Justice Act even when the position is ultimately incorrect.  Id.  The test for determining whether a position was substantially justified focuses on whether "a reasonable person could think it correct."  A position is substantially justified if there is a genuine dispute between reasonable minds.  Id.

Substantially justified does not require anything more than reasonableness.  Id.  The substantially justified standard is a "middle ground between an automatic award of fees and an award only where the government's position was frivolous."  Cornella v.

Schweiker, 728 F.2d 978, 982 (8th Cir. 1984) (citing H.R. Rep. No. 1418, 96th Cong., 2d Sess. 14 in 1980 U.S. Code Cong. & Ad. News 4993).

**III. The Government's Position Was Substantially Justified**

At the Plaintiff's May 20, 2014 administrative hearing, the Administrative Law Judge ("ALJ") for the Social Security Administration reviewed Plaintiff's claim for benefits.

The ALJ evaluated the medical evidence, Plaintiff's testimony, and other evidence in the record and determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform given his age, education, work experience, and residual functional capacity.  (AR at pp. 21-23).

Plaintiff appealed the decision to this Court.  Plaintiff raised a number of arguments on appeal.  One of Plaintiff's arguments challenged the ALJ's decision with regard to the opinion by Clinical Psychologist Dennis Donovan, Ph.D.

Dr. Donovan conducted a consultative examination of Plaintiff and made conclusions as to Plaintiff's ability to work. The ALJ rejected some of the conclusions of Dr. Donovan. Plaintiff argued on appeal that the ALJ did not provide sufficient reasons for rejecting parts of his opinion.

This Court found that the ALJ did not err.  (ORDER AFFIRMING THE DECISION OF THE SOCIAL SECURITY ADMINISTRATION COMMISSIONER

9

at pp. 27-32, ECF No. 26).  This Court explained that the ALJ properly rejected Dr. Donovan's conclusions that were premised solely on the claimant's own reports as to the severity of his impairments and found Dr. Donovan's conclusions were contradictory to other objective evidence in the record, including evaluations by the claimant's treating physicians. (Id.)

Plaintiff appealed this Court's decision to the Ninth Circuit Court of Appeals.  The only issue that the Ninth Circuit Court of Appeals evaluated was whether the ALJ properly rejected the opinion of Dr. Donovan.  Two judges of the three-judge panel determined that the ALJ "did not state clear and convincing reasons for rejecting Dr. Donovan's opinions."  (Ninth Circuit Memorandum Opinion at p. 3, ECF No. 37).

Circuit Judge Rawlinson did not agree with the majority. Judge Rawlinson issued a dissenting opinion.  She asserted that the majority applied the incorrect standard in reviewing the ALJ's rejection of Dr. Donovan's opinion.  Circuit Judge Rawlinson explained that the ALJ was not required to provide "clear and convincing reasons" for rejecting Dr. Donovan's opinions.  Circuit Judge Rawlinson asserted that the appropriate standard was whether the ALJ provided "specific and legitimate reasons" for rejecting Dr. Donovan's opinions, because Dr. Donovan's opinions were inconsistent with the opinions of

10

Plaintiff's treating physicians.  (Dissenting Opinion at pp. 2-3, ECF No. 37-1).  Circuit Judge Rawlinson explained, as follows:

> There is a hierarchy of opinions among physicians in the social security arena.  The opinion of the treating physician is entitled to the highest weight.  The opinion of an examining physician is entitled to lesser weight.  *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996), *as amended*.
>
> To reject the contradicted opinion of a treating physician or an examining physician, the ALJ must provide "specific and legitimate reasons."  *Id.* at 830-31 (citations omitted).
>
> In this case, the ALJ gave "significant weight" to Dr. Donovan's opinion, with the exception of the conclusions that the claimant could not handle his finances or the pace of work.
>
> ....the ALJ provided specific and legitimate reasons supported by the record for rejecting Dr. Donovan's divergent opinion, the decision of the ALJ was supported by substantial evidence and should be affirmed.  *See Valentine v. Commissioner*, 574 F.3d 685, 692-93 (9th Cir. 2009).

(Dissenting Opinion at pp. 1-3, ECF No. 37-1).

The particular circumstances of this case, the reasonable disputes concerning the interpretation of the examiner's conclusions, and the controverted standard of review on appeal demonstrates that the Government's position was substantially justified.

Remand by the circuit court does not mean there was a lack of substantial justification by the Government.  Campbell v. Astrue, 736 F.3d 867, 869 (9th Cir. 2013).  In each case, the District Court must assess the justification of the Government's

position based on its reasonableness before the remanding court made its decision on the merits. Decker v. Berryhill, 856 F.3d 659, 664 (9th Cir. 2017). Reasonableness is assessed from the Government's perspective at the time it made its litigation decisions. Meier v. Colvin, 727 F.3d 867, 873 (9th Cir. 2013).

The Government's litigation position with respect to the opinion of Dr. Donovan was substantially justified. The majority's decision hinged on a nuanced questions of law. The appellate court judges disagreed as to how much deference is owed to an ALJ when discrediting an examining physician based on the opinions of treating physicians, the claimant's own subjective testimony, and other objective evidence in the record. This is a common dispute before the District Courts and the Ninth Circuit Court of Appeals, which involves nuanced determinations of law. Compare Ford v. Saul,    F.3d   , 2020 WL 829864, *7 (Feb. 20, 2020); Benecke v. Barnhart, 379 F.3d 587, 592 (9th Cir. 2004); Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1195-96 (9th Cir. 2004).

Courts have widely held that when the law is unclear or influx or where the legal question at issue has divided the lower courts within the circuit, the government's position in advancing one view of the issue is substantially justified. Meyer v. Colvin, 754 F.3d 251, 256 (4th Cir. 2014).

The Government persuaded both a District Court Judge and an

Appellate Circuit Court Judge that its position regarding the examining physician's opinion was not only justified, but correct.  It is appropriate to consider the Government's success in the District Court and if there were any dissenting opinions on appeal as part of the EAJA fees analysis.  <u>Meier</u>, 727 F.3d at 873; <u>Belanger v. Berryhill</u>, 2017 WL 3484675, *2 (D. Or. Aug. 14, 2017) (finding the government's position was substantially justified where both the district court and a dissenting circuit judge found that the government's position regarding the ALJ's rejection of a treating physician's opinion was correct).

On the record presented in this case, the Government's position was substantially justified.  Plaintiff is not entitled to attorneys' fees pursuant to the Equal Access to Justice Act.

//
//
//
//
//
//
//
//
//
//
//

## CONCLUSION

Defendant United States' Objections (ECF No. 54) are **SUSTAINED**.

Plaintiff Diesta's Objections (ECF No. 53) are **OVERRULED**.

The Magistrate Judge's November 26, 2019 Amended Findings and Recommendation (ECF No. 52) is **REJECTED**.

Plaintiff's Motion for Attorneys' Fees (ECF No. 39) is **DENIED**.

This case is **REMANDED** to the agency for further proceedings pursuant to the March 19, 2019 Memorandum of the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 28, 2020.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

William Q. Diesta v. Andrew Saul, Commissioner of Social Security, Civ. No. 15-00465 HG-RT; **ORDER SUSTAINING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (ECF No. 54) AND OVERRULING PLAINTIFF'S OBJECTIONS TO AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (ECF No. 53) AND REJECTING THE MAGISTRATE JUDGE'S AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (ECF No. 52) AND DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (ECF No. 39)**